Harlan SCHWARTZ and Daniel T. Danzi, Jr. on behalf of themselves and all others similarly situated

v.

COMMONWEALTH LAND TITLE IN-SURANCE COMPANY et al.

Civ. A. No. 71-2566.

United States District Court, E. D. Pennsylvania.

Nov. 8, 1974.

S. Gerald Litvin, Dennis H. Eisman, Philadelphia, Pa., for plaintiffs.

Franklin Poul, Robert W. Sayre, Bancroft D. Haviland, Arsen Kashkashian, Jr., Gilbert B. Abramson, Gerald A. Dennehey, Theodore W. Flowers, Arnold Levin, Philadelphia, Pa., Robert James Jackson, Chester, Pa., Jeffrey A. Less, George F. Shinehouse, Jr., Eugene F. Brazil, Philadelphia, Pa., Harold Patton, Levittown, Pa., Rod J. Pera, Harrisburg, Pa., John C. Christie, Jr., Chicago, Ill., for defendants.

MEMORANDUM AND ORDER

EDWARD R. BECKER, District Judge.

This case is founded upon plaintiffs' claim that the imposition by the defendant title insurance companies of a so-called seller charge constituted a conspiracy to fix prices in violation of § 1 of the Sherman Act, 15 U.S.C. § 1.

On February 20, 1974, we filed a lengthy opinion, which is reported at 374 F.Supp. 564, in which we discussed the merits of the defendants' contention that the federal antitrust exemption of the business of insurance to the extent it is regulated under state law provided

by the McCarran-Ferguson Act, 15 U.S.C. §§ 1011–1015, immunized defendants from plaintiffs' claims. We concluded that opinion, in which we elected to treat the defendants' 12(b)(6) motion to dismiss as one for summary judgment under Rule 56, with the following observation:

> Accordingly, while the motion for summary judgment is likely to be granted, we will defer entering an order thereon for 45 days, which will afford the parties 30 days to submit additional materials pertinent to the rule 56 motion, and 15 days thereafter to file supplemental briefs. If the plaintiffs advise the court that they have nothing additional to submit, or if their submission does not persuade us to reverse our provisional ruling, we will grant summary judgment in favor of all defendants at that time.

374 F.Supp. at 579.

We have reviewed the materials which the parties have added to the record. The supplemental materials consist in part of the matters referred to at 374 F.Supp. 570–571 nn. 6–10 upon which we were reluctant to ground our decision at that time because those matters were dehors the record and we had not previously announced to counsel our intention to judicially notice them or to treat the motion as one for summary judgment. See discussion at 374 F.Supp. 578–579. These materials bolster our earlier conclusion that the seller charge is subject to regulation. The remaining supplement to the record is in the nature of answers of the defendants to plaintiffs' interrogatories, in which the defendants have supplied revenue figures which indicate that the revenues derived from the seller charge constitute a not insubstantial portion of the defendants' total revenues during the time period the seller charge was in effect. The answers to interrogatories do not alter our earlier conclusion.[1]

Accordingly, for the reasons discussed at length in our earlier opinion, as sup-

---

1. The plaintiffs have not filed supplemental briefs to press the issue or turn the supplemental material to their account. Had they done so they might conceivably have argued that the answers to interrogatories show that the Insurance Department is not regulating the seller charge, reasoning along the following lines: revenues from the charge are substantial; the Department has not ordered a rate decrease; therefore the Department is not paying attention to the seller charge. Such an argument would fail to affect the merits for a number of reasons. (1) As explained in our earlier opinion, the standard for the McCarran-Ferguson Act exemption is the power to regulate, not the actual regulation. The additional discovery does nothing to affect our earlier conclusion that the power to regulate is present. (2) The record of the public hearing on the rate increase request, see p. 571 n. 10 and accompanying text, satisfies us that the Department *does* consider seller charge revenues as part of the rate of return. The fact that no rate decrease was ordered as a result of all the extra revenue may just mean that the extra revenue is covering rising costs in running title companies, e. g. higher wages and other inflationary items. It is possible that, if it were not for the seller charge revenues, the Department would have authorized a rate increase, and the presence of the seller charge was what obviated the need for an increase. (3) To the extent that plaintiffs might contend that the Insurance Department is lax in allowing the title insurance companies to collect such extra revenues, this does not constitute non-regulation for purposes of the McCarran-Ferguson Act, *see* Ohio AFL–CIO v. Insurance Rating Board [451 F.2d 1178 (6th Cir. 1971)] cited at 374 F.Supp. p. 576, and especially the dissent of Mr. Justice Douglas to the denial of *certiorari*, which points up that dereliction of duty by the Insurance Department does not do away with the exemption unless the regulatory scheme is a mere sham or pretense. There is no contention that the Pennsylvania regulatory scheme is mere sham or pretense and the record would not support such a contention if made. In *Ohio AFL–CIO*, the allegations were essentially that the Ohio Insurance Department was permitting auto insurance companies to do whatever they wanted, which is not the case here. (4) Nothing in the additional materials now in the record bears on our earlier conclusion that the seller charge is part of the business of insurance. The supplementation to the record goes entirely to the issue discussed in part IV. B. of the earlier opinion, Regulation by State Law. For the reasons stated, the supplemental materials do not alter our conclusion on that issue.

plemented by this Memorandum, the defendants' motion to dismiss, treated as a motion for summary judgment, on the ground of the McCarran-Ferguson Act exemption, must be granted; hence we enter the following Order.

## ORDER

And now, this 8th day of November 1974, it is ordered that summary judgment is granted for the defendants.