671 P.2d 488

**Donna L. WELLS, Plaintiff-Respondent,**

v.

**Marvin WELLS, Defendant-Appellant.**

**No. 14475.**

Court of Appeals of Idaho.

Oct. 18, 1983.

---

Richard B. Eismann and Daniel T. Eismann, Homedale, for defendant-appellant.

Dean J. Miller, Gigray, Miller, Downen & Weston, Caldwell, for plaintiff-respondent.

WALTERS, Chief Judge.

This is an appeal from a decision of the district court affirming a decree of divorce entered in the magistrate division. We reverse and remand to the district court for further proceedings.

Following trial in the magistrate's division, the wife was granted a divorce. The magistrate made awards of property to the parties, gave custody of the minor children to the wife, ordered the husband to pay child support, and ordered the husband to pay all community debts. The magistrate denied a request by the wife for alimony, concluding that Idaho's former alimony statute was unconstitutional.[1]

The wife did not appeal the denial of her alimony request. However, the husband appealed to the district court, contesting the division of community property, the allocation to him of all debts, and the amount of support ordered by the magistrate. While that appeal was pending, the parties reached an agreement concerning disposition of the family home and its encumbrances, different from that which had been ordered by the magistrate. They so informed the district court. The district judge determined that the appeal would be decided "strictly on the record" without any consideration of the settlement made concerning the house and its encumbrances.

Thereafter, in the course of deciding the appeal, the district court, without notice to either party, took into account the agreement concerning the house. The court made specific findings regarding the values of property awarded by the magistrate, different from the values assigned by the magistrate. Relying upon its own assigned values and upon the house settlement, the district court concluded that the division of property made by the magistrate was almost equal (the wife receiving $35,400 and the husband receiving $38,147.47). The court also concluded that the husband was able to pay the amount of support ordered by the magistrate and that the husband had the ability to pay the community debts of the parties, amounting to approximately $43,000. The district court thus affirmed the magistrate's decree. The husband appealed again.

On this appeal, the husband questions the division of property made by the magistrate and he disputes the amount of child support ordered. More importantly, however, he contends the district court erred in the procedure it followed when reviewing the case. With this last point we agree, requiring remand to the district court.

On appeal from the magistrate division, the district court is authorized to either determine the matter as an appellate court upon the record made in the magistrate division, or to grant a trial de novo in whole or in part. I.R.C.P. 83(b) and 83(j); *Winn v. Winn*, 101 Idaho 270, 272, 611 P.2d 1055, 1057 (1980). Here the district court elected to hear the appeal "strictly on the record." That record—developed before the magistrate—did not include the post-trial settlement made between the parties concerning their home and its attendant encumbrances. Neither did that record include the effect of the house settlement upon the division of other property belonging to the parties, nor its effect upon the total indebtedness of the community, nor its effect upon the husband's ability to pay other debts or to pay the amount of child support ordered by the magistrate.

We believe the district judge rightly decided to consider the effect of that settlement upon the parties' circumstances. However, the district court should have granted a trial de novo, either in that court

---

1. While the appeal to the district court was pending, the alimony statute, former I.C. § 32–706, was repealed. It was replaced with a new spousal maintenance statute codified as I.C. § 32–705, effective July 1, 1980. *See* 1980 Idaho Sess. Laws, ch. 378, pp. 961–65. The consti-

tutional defect in the former alimony statute later was held not to preclude a wife's claim for alimony. *See Murphey v. Murphey,* 103 Idaho 720, 653 P.2d 441 (1982); *Neveau v. Neveau,* 103 Idaho 707, 652 P.2d 655 (Ct.App.1982).

or by remand to the magistrate, thereby allowing both parties the opportunity to present further evidence concerning the division of property, assumption or allocation of debts, and the amount of reasonable child support, in light of their changed circumstances. *See Winn v. Winn, supra; Koester v. Koester,* 99 Idaho 654, 586 P.2d 1370 (1978). The course of action taken by the district court was tantamount to holding a trial de novo in the absence of both parties. Such a course is not authorized under the rules. I.R.C.P. 83(j); 83(u).

The husband in this appeal also has raised other issues relating to the magistrate's findings. However, because our decision today will result in further proceedings in which additional evidence may be adduced, we deem it unnecessary to reach those issues now.

The decision of the district court is reversed and the case is remanded for further proceedings on appeal from the magistrate division, consistent with rule 83, I.R.C.P. Costs to appellant; no attorney fees.

SWANSTROM and BURNETT, JJ., concur.