826 P.2d 490

Bob BLACKADAR, Plaintiff–
Respondent,

v.

Myrthus AUSTIN and John Austin,
Defendants–Appellants.

No. 19152.

Court of Appeals of Idaho.

Feb. 20, 1992.

Myrthus Austin, pro se.

Milton A. Slavin, Salmon, for plaintiff-respondent.

SILAK, Judge.

This case involves a procedural issue in an appeal from the magistrate division to the district court. We are asked to determine whether the district court, sitting in its appellate capacity, has the discretion to remand a case to the magistrate division. In affirming the district court's order, we hold that the fact that the district court held a pre-trial conference does not limit its discretion to remand the case for a new trial.

The underlying facts may be briefly stated. Myrthus Austin allegedly trespassed on Bob Blackadar's land and used a backhoe to widen an overflow irrigation ditch. Bob Blackadar filed a claim in small claims court against Austin for trespass. The small claims court awarded $50 to Blackadar. Austin appealed the decision to the magistrate division. The magistrate conducted a trial de novo and awarded $425 to Blackadar. Austin then appealed the magistrate's decision to the district court.

The appeal was assigned to a district judge who chose to conduct an appellate review of the case based on the audiotapes of the proceedings below. In his appellate brief, Austin accused the judge of colluding with Blackadar's counsel to defeat Austin's appeal. The judge noted that the charge was unfounded, but recused himself in order to avoid the appearance of impropriety.

In his memorandum decision, the judge noted that no transcript of the proceedings before the magistrate had been made and that the audiotape was indecipherable in portions. He further noted that an appropriate review of the case would require either a transcription of the tape or a trial de novo.

The case was then assigned to District Judge Ted Wood. The judge held a pretrial conference and set a trial date. Austin's son, John, filed a motion to intervene which the court denied. Austin then filed a third-party complaint against his son alleging that his son was liable for all or part of the damages to Blackadar's property. Austin then filed interrogatories and, three weeks later, a motion to compel answers to interrogatories. At this point, the district court remanded the case to the magistrate division. The court reasoned:

> [T]he attempted intervention and the filing of a third-party complaint by Austin's son, reveals an intent to expand the scope of the case beyond its original boundaries. If true, the introduction of new evidence and/or new parties is best resolved with a new trial at the magistrate level, rather than in district court.

Austin appeals the order of remand, arguing that the district court did not properly exercise its discretion in remanding the case for a new trial.

As a preliminary matter, we note our standard of review. Idaho Code § 1–2213 outlines the powers of district judges when hearing appeals from lower courts:

> **Appeals—Powers of district judge.**—(1) Appeals from final judgments of the magistrate's division shall be taken and heard in the manner prescribed by law or rule.
>
> (2) Unless otherwise provided by law or rule, a district court judge shall review the case on the record on appeal and affirm, reverse, remand, or modify the judgment; *provided, that the district judge in his discretion, may remand the case for a new trial with such instructions as he may deem necessary or he may direct that the case be tried de novo before him.*

(Emphasis added.) On appeal, the district court has the option of: (1) conducting an appellate review of the magistrate's decision just as the appellate courts would conduct a review of a district court; or (2) ordering a trial de novo and beginning the case anew. *Hellickson v. Jenkins*, 118 Idaho 273, 277, 796 P.2d 150, 154 (Ct.App. 1990). When exercising the latter option, the district court has the discretionary authority to remand the case to the magistrate division or to order a trial de novo in the district court. Because this decision is discretionary, we review the case to determine whether the district court abused its discretion when remanding the case to the magistrate division.

When an exercise of discretion is reviewed on appeal, the appellate court conducts a multi-tiered inquiry. The sequence of the inquiry is: (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Center v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991); *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). We will consider each tier of this inquiry separately.

First, the district court correctly perceived the issue as one of discretion. In its memorandum decision and order, the court specifically referred to I.C. § 1–2213 which provides the district court with the discretion to remand a case which is on appeal to the magistrate division. The court exercised the discretion provided to it by statute.

Second, the court acted within the legal standards applicable to a decision to remand the case. The court was guided by the appropriate statute and case law in reaching its decision. The appellant argues that the court's order was not consistent with the language of I.R.C.P. 83(u), which states in pertinent part:

(2) Upon an appeal from the magistrates division of the district court ... involving a trial de novo, or in which the court elects to hear additional evidence or testimony, the district court shall render a decision in the action as a trial court as though the matter was initially brought in the district court.

The appellant relies on the mandatory language of the above rule and urges us to adopt a strict rule which would essentially strip the district court of the discretion to remand the case to the magistrate if the district court itself had already taken any steps toward hearing the case de novo. We decline to do so.

Our Supreme Court has previously considered the issue of the interaction between I.C. § 1–2213 and I.R.C.P. 83(u). In *Winn v. Winn,* 101 Idaho 270, 611 P.2d 1055 (1980), the Court held that the options presented by the statute and the rule are not mutually exclusive. *Winn,* 101 Idaho at 272, 611 P.2d at 1057. Appellant contends that the district court, having undertaken the task of hearing the case de novo, was not empowered to remand the case for a trial de novo before the magistrate division. In *Winn,* the Supreme Court held that the district court was not precluded from conducting a trial de novo even though it had already begun to conduct appellate review. *Winn,* 101 Idaho at 273, 611 P.2d at 1058. The interests of judicial economy and meaningful judicial review were the rationale of the Court's holding.

The same interests apply to the case at hand. The district court had conducted a pre-trial conference and set a trial date; however, after realizing that the appellant planned to expand the scope of the case, it remanded the case to the magistrate division. Through an exercise of reason, which satisfies the third tier of our inquiry, the court decided that a new trial which involved the introduction of new evidence and new parties was best resolved in the magistrate division. This decision clearly took into account the interests of judicial economy and meaningful judicial review.

Appellant has raised several other issues on appeal including questions regarding the respondent's alleged failure to answer interrogatories and questions regarding the constitutionality of denying appellant status as an attorney for the purpose of awarding attorney fees. Because we find the issue whether the district court erred in remanding the case to the magistrate division to be dispositive, we decline to address the other issues raised on appeal.

In conclusion, we find no abuse of discretion in the district court's decision to remand the case to the magistrate division. The order of the district court remanding the case for a trial de novo in the magistrate division is affirmed. Costs are awarded to respondent. No attorney fees on appeal.

SWANSTROM, J., and HART, J., pro tem., concur.