# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43745

STATE OF IDAHO, )
) **Boise, February 2017 Term**
    **Plaintiff-Respondent,** )
) **2017 Opinion No. 37**
v. )
) **Filed: April 28, 2017**
JESSE EUGENE MANN, )
) **Stephen W. Kenyon, Clerk**
    **Defendant-Appellant.** )

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

The judgment of the district court is <u>affirmed</u>.

Eric Fredericksen, State Appellate Public Defender, Boise, for appellant. Jenevieve C. Swinford argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Russell J. Spencer argued.

---

HORTON, Justice.

Jesse Eugene Mann appeals from the judgments of conviction for trafficking marijuana, driving without privileges, and possession of drug paraphernalia which were entered after a jury found him guilty of the charges. Prior to the trial, Mann sought suppression of the evidence related to the marijuana and paraphernalia charges. The district court found that Mann did not have standing[1] to challenge the search as the evidence was found in a rental car which he was not authorized to drive. Mann argues that he had a reasonable expectation of privacy in the rental car

---

[1] We recognize that the term "standing" is more commonly used when evaluating the justiciability of a party's claims. In that broader context, we have stated that "[a] defendant obviously has standing to litigate the substantive issue raised regarding that defendant." *Doe (2013-23) v. Doe*, 155 Idaho 660, 662, 315 P.3d 848, 850 (2013). However, in the context of suppression motions, the term is used as shorthand for the question whether the moving party had a legitimate expectation of privacy in the area that was searched. This Court and the Court of Appeals have used this shorthand in the past. *See State v. Ryan*, 117 Idaho 504, 788 P.2d 1327 (1990); *State v. Hanson*, 142 Idaho 711, 716 n. 2, 132 P.3d 468, 473 n. 2 (Ct. App. 2006).

1

because he had permission from the lessee to drive the car. Mann also asserts that the jury instruction regarding the paraphernalia charge was erroneous. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mann was driving east on I-90 near Coeur d'Alene when he was stopped by Idaho State Police Trooper Josh Clark. Clark stopped Mann for signaling less than the required 5 seconds—2.63 seconds—before changing lanes. Mann was driving a rental car which had been rented by Ashley Cheney, his "living as married" partner of five years. Mann was not authorized by the rental car company to drive the car. After stopping Mann, Clark approached the vehicle and asked Mann for his driver's license. Mann provided Clark with an Oregon identification card and stated that his driver's license was currently suspended. After confirming that Mann's license was suspended, Clark arrested him for driving without privileges.

After arresting Mann, Clark placed him in the back seat of his police car in order to transport him to the Kootenai County jail. Clark then conducted a pre-tow inventory search of Mann's vehicle. It is Idaho State Police policy to conduct an inventory search prior to a vehicle being towed. During the search, Clark found a glass pipe with burnt residue in the top, a toffee-like substance, and eight plastic bags containing a green plant-like substance. Clark suspected that the toffee-like substance was a synthetic form of marijuana and that the plant-like substance was marijuana. Clark seized these items as evidence, and they were tested by the Idaho State Police laboratory. The lab technician concluded that the plant-like substance was marijuana and determined that the total weight of the marijuana was 5.38 pounds.

Mann was charged with trafficking marijuana, driving without privileges, and possession of drug paraphernalia. Prior to trial, Mann filed a motion to suppress the evidence seized during the inventory search. The district court heard the motion on July 22, 2015. After receiving testimony and argument, the district court ruled that Mann did not have a reasonable expectation of privacy in the rental car. The district court based its ruling on *State v. Cutler*, 144 Idaho 272, 159 P.3d 909 (Ct. App. 2007). Of the five factors laid out in *Cutler*, the district court found that Mann was able to meet only one of them and the totality of the circumstances weighed against Mann having a reasonable expectation of privacy in the rental car.

The case then proceeded to a jury trial on August 24–25, 2015. During closing arguments, Mann argued that the State was required to prove that he intended to use the

paraphernalia in Idaho. During its deliberations, the jury sent the judge three questions. One of those questions asked whether it mattered if Mann intended to use the paraphernalia in Idaho or elsewhere. Over Mann's objection, the district court responded as follows: "You are instructed that any possession of paraphernalia must occur in Idaho. If you find defendant possessed paraphernalia in Idaho, you must consider whether the defendant intended to use the paraphernalia. It does not matter in which state the defendant formed the intent to use the paraphernalia."

After receiving the new instruction and further deliberations, the jury found Mann guilty of all three charges. On October 20, 2015, the district court entered three separate judgments. Mann was ordered to serve seven years, with three years fixed, and fined $10,000 for trafficking in marijuana. He received suspended sentences of 180 days and 365 days, respectively, for driving while suspended and possession of drug paraphernalia. Mann timely appealed from these judgments.

## II. STANDARD OF REVIEW

"We review a district court's order granting a motion to suppress evidence using a bifurcated standard of review." *State v. Wulff*, 157 Idaho 416, 418, 337 P.3d 575, 577 (2014). "This Court accepts the trial court's findings of fact unless they are clearly erroneous, but may freely review the trial court's application of constitutional principles in light of those facts." *Id.*

"[W]hether the jury has been properly instructed is a matter of law over which this Court exercises free review." *State v. Adamcik*, 152 Idaho 445, 472, 272 P.3d 417, 444 (2012) (quoting *State v. Zichko*, 129 Idaho 259, 264, 923 P.2d 966, 971 (1996)). "This Court reviews jury instructions to ascertain whether, when considered as a whole, they fairly and adequately present the issues and state the applicable law." *Id.* "Reversible error occurs if an instruction misleads the jury or prejudices a party." *Perry v. Magic Valley Reg'l Med. Ctr.*, 134 Idaho 46, 51, 995 P.2d 816, 821 (2000).

## III. ANALYSIS

**A. The district court did not err when it found Mann did not have standing to challenge the search of the rental car.**

This appeal involves an unauthorized driver of a rental car, i.e., a driver who may or may not have permission of the vehicle's lessee, but who has not been authorized to drive the car by the rental car company which owns the car. Although the Court of Appeals has addressed the

3

question whether an unauthorized driver of a rental car has standing to challenge a search of that car, the issue is before this Court for the first time. As courts across the country have taken different approaches to deciding this question, we first consider which test should be applied.

### 1. Applicable test.

There are at least three distinct tests which courts have used to determine if an unauthorized driver of a rental car has standing to challenge a search of that car. *State v. Cutler*, 144 Idaho 272, 274, 159 P.3d 909, 911 (Ct. App. 2007). The district court applied the totality of the circumstances test adopted by the Court of Appeals in *Cutler*. Mann argues that this Court should adopt a modified totality of the circumstances test articulated by Judge Lansing in her concurring opinion in *Cutler*.

The Fourth Amendment to the United States Constitution provides protection against unreasonable searches. U.S. CONST. amend. IV. Idaho's Constitution contains a nearly identical provision. ID. CONST. art. I § 17. However, even if a search is unreasonable, a defendant must have a privacy interest that was invaded by the search in order to suppress evidence discovered in the search. *Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978). When a search is challenged, the defendant bears the burden of showing that he or she had a reasonable expectation of privacy in the place searched. *Cutler*, 144 Idaho at 274, 159 P.3d at 911. There are at least three different tests to determine if an unauthorized driver of a rental car has a reasonable expectation of privacy in that car. *Id.*

The first test simply considers the rental agreement. *Id.* This test has been adopted by the Fourth, Fifth, and Tenth Circuit Courts. *Id.* Under this bright line test, if the driver is not authorized under the terms of the rental agreement to drive the car, the driver lacks standing to challenge a search of the car. *See e.g., United States v. Jones*, 44 F.3d 860, 871 (10th Cir. 1995); *United States v. Wellons*, 32 F.3d 117, 119 (4th Cir. 1994); *United States v. Boruff*, 909 F.2d 111, 117 (5th Cir. 1990).

The second test is a modified bright line test which focuses on permission from an authorized driver. *Cutler*, 144 Idaho at 274, 159 P.3d at 911. This test, which has been adopted by the Eighth and Ninth Circuits, considers whether the driver challenging the search had permission from the lessee to operate the rental car. *See e.g., United State v. Thomas*, 447 F.3d 1191, 1199 (9th Cir. 2006); *United States v. Best*, 135 F.3d 1223, 1225 (8th Cir. 1998). If the

4

unauthorized driver of a rental car has permission from the lessee then he or she has standing to challenge the search. *Thomas*, 447 F.3d at 1197. "[T]his approach equates an unauthorized driver of a rental car with a non-owner driver of a privately owned car." *Id.*

The third test, adopted by the Sixth Circuit and the Court of Appeals, examines the totality of the circumstances. *Cutler*, 144 Idaho at 275, 159 P.3d at 912; *United States v. Smith*, 263 F.3d 571, 586 (6th Cir. 2001). Under this test, courts begin with a presumption that unauthorized drivers do not have standing to challenge a search. *Cutler*, 144 Idaho at 275, 159 P.3d at 912; *Smith*, 263 F.3d at 586. Despite this presumption, this test recognizes that "a rigid [bright line] test is inappropriate, given that [courts] must determine whether [the driver] had a legitimate expectation of privacy which was reasonable in light of all surrounding circumstances." *Smith*, 263 F.3d at 586 (citing *Rakas*, 439 U.S. at 152 (Powell J., concurring)). When it adopted this test, the Court of Appeals observed: "Given the increasingly common utilization of rental vehicles for a myriad of purposes and our view that a bright line rule fails to address the ensuing complexities, we are convinced the Sixth Circuit Court's totality of the circumstances approach best addresses the issue." *Cutler*, 144 Idaho at 275, 159 P.3d at 912. The presumption that an unauthorized driver does not have standing to challenge a search can be overcome if the driver shows a reasonable expectation of privacy based on the totality of circumstances. *Smith*, 263 F.3d at 586–87. The *Smith* court articulated five factors that are helpful in determining if an unauthorized driver had a reasonable expectation of privacy. *Id.* Those factors are: "(1) whether the defendant had a driver's license; (2) the relationship between the unauthorized driver and the lessee; (3) the driver's ability to present rental documents; (4) whether the driver had the lessee's permission to use the car; and (5) the driver's relationship with the rental company." *Cutler*, 144 Idaho at 275, 159 P.3d at 912.

Mann argues that this Court should adopt a fourth test proposed by Judge Lansing in her concurring opinion in *Cutler*. Her proposed test is similar to the modified bright line test adopted by the Ninth and Eighth Circuits where permission from the lessee or other authorized driver is dispositive. However, Judge Lansing would recognize "extraordinary circumstances" where "a driver who did not obtain permission from the lessee or other authorized driver could have a legitimate expectation of privacy in the vehicle." *Id*. at 276, 159 P.3d at 913. Judge Lansing characterized this as occurring when the totality of the circumstances demonstrate "the possible,

rare circumstance where a legitimate privacy interest [arises] even in the absence of direct permission from the lessee or other authorized driver." *Id*.

It is important to observe that the district court acted properly by applying the test adopted by the Court of Appeals in *Cutler*. "[A]ll tribunals inferior to the Court of Appeals are obligated to abide by decisions issued by the Court of Appeals." *State v. Guzman*, 122 Idaho 981, 986, 842 P.2d 660, 665 (1992).

However, we think that the better approach is expressed in the bright line test adopted by the Fourth, Fifth, and Tenth Circuits. Under this test, those drivers authorized by the rental car company will have a reasonable expectation of privacy in a rental car. Conversely, a driver does not have a reasonable expectation of privacy in a rental car that the driver is not authorized to drive.

This Court may affirm decisions of a district court based on different theories than applied by the district court. *Johnson v. Blaine Cnty.*, 146 Idaho 916, 921, 204 P.3d 1127, 1132 (2009). Applying the test that we adopt today, we hold that Mann lacked standing to challenge the search of the rental car. It is undisputed that Mann was not authorized to drive the rental car. Therefore, we affirm the district court's denial of Mann's motion to suppress.

## B. The jury instructions fairly and adequately presented the issues and stated the law.

Mann was charged with possession of paraphernalia under Idaho Code section 37-2734A. This statute provides that "[i]t is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance." I.C. § 37-2734A. In his closing argument, Mann's attorney attempted to argue that the jury must find that he intended to use the paraphernalia to introduce a controlled substance into his body while in Idaho. Specifically, he argued that there was:

> No indication that he had used that pipe in the state of Idaho or that he ever intended to use that pipe in the state of Idaho. The Oregon laws are different than the Idaho laws. Montana laws might be different than the -- they are different than the Idaho laws, and the question is is [sic] did he have it intending to use it in the state of Idaho. There's no evidence, none, zero, that he intended to use that pipe in the state of Idaho. Yeah, it was in the car. It might have been used in Oregon, might have been used in Washington. That's not what's before you. You're in the state of Idaho. What did he intend to do with it in the state of Idaho?

6

The prosecutor objected to this argument as an erroneous statement of what the State was required to prove. The district court sustained the objection.

Nevertheless, the jury clearly understood defense counsel's argument. During its deliberations, the jury asked the trial court whether it mattered if Mann intended to use the paraphernalia in Idaho or elsewhere. The district court answered this question by stating: "You are instructed that any possession of paraphernalia must occur in Idaho. If you find defendant possessed paraphernalia in Idaho, you must consider whether the defendant intended to use the paraphernalia. It does not matter in which state the defendant formed the intent to use the paraphernalia." Mann asserts that this instruction misstated the elements of the offense and "erroneously signaled to the jury that a determination of the requisite mental state at the time of the criminal act did not matter."

We observe that the district court's answer to the jury was not responsive to the jury's question. Although the jury clearly wished to know whether the State was required to prove that Mann intended to use the drug paraphernalia in Idaho, the trial court evidently interpreted the question as whether it mattered where the necessary intent was formed. Notwithstanding the district court's failure to answer the jury's question, we find no error in the instructions that the district court provided regarding possession of drug paraphernalia.

This Court reviews jury instructions to determine "whether the instructions as a whole fairly and adequately presented the issues and stated the law." *Schmechel v. Dillé*, 148 Idaho 176, 187, 219 P.3d 1192, 1203 (2009). On appeal, Mann asserts that the jury instructions did not adequately present the elements of the offense. Specifically, Mann asserts that the jury instructions did not require the State to prove that, while in Idaho, Mann had the intent to use the paraphernalia. This is significantly different than the argument advanced before the trial court, which was that the State was required to prove that Mann intended to use the paraphernalia within Idaho.[2]

First, we note that the answer that the district court provided, although nonresponsive to the question before it, was an accurate statement of law. Idaho Code section 18-202 provides:

---

[2] The position that Mann argued before the district court was clearly wrong. The statute does not require the State to prove that the defendant intended to use the drug paraphernalia within the State of Idaho to introduce a controlled substance into a human body. Rather, it requires the State to prove that, while in Idaho, the defendant possessed paraphernalia with the intent to introduce a controlled substance into a human body, regardless of where that use might occur.

7

"The following persons are liable to punishment under the law of this state: (1) All persons who commit, in whole or in part, any crime within this state. …" Similarly, Idaho Code section 19-302 provides: "When the commission of a public offense, commenced without the state is consummated within its boundaries, the defendant is liable to punishment therefor in this state…."

More importantly, the instructions that the trial court gave regarding the elements of the offense correctly stated the State's burden. "Ordinarily the language employed by the legislature in defining a crime is deemed to be best suited for that purpose, and error cannot be predicated on its use in jury instructions." *State v. Zichko*, 129 Idaho 259, 264, 923 P.2d 966, 971 (1996). "An erroneous instruction will not constitute reversible error unless the instructions as a whole misled the jury or prejudiced a party." *State v. Draper*, 151 Idaho 576, 588, 261 P.3d 853, 865 (2011). "The [Idaho Criminal Jury Instructions] are presumptively correct." *McKay v. State*, 148 Idaho 567, 571 n.2, 225 P.3d 700, 704 n.2 (2010). "Trial courts should follow the [Idaho Criminal Jury Instructions] as closely as possible to avoid creating unnecessary grounds for appeal." *Id.* Idaho Criminal Jury Instruction 408 relates to possession of drug paraphernalia. I.C.J.I. 408. Jury Instruction 12h in this case was based on Idaho Criminal Jury Instruction 408.

Jury Instruction 12h required the State to prove beyond a reasonable doubt:

(1) On or about 8th day of February, 2015;

(2) in the state of Idaho;

(3) the defendant JESSE EUGENE MANN possessed a bong or pipe, intending;

(4) to use it to introduce into the human body a controlled substance.

This instruction required the State to prove not only that Mann possessed paraphernalia while in the State of Idaho but also that he intended to use that paraphernalia to introduce a controlled substance into the body. This instruction is an accurate statement of the law.

Jury instructions are to be considered as a whole. *Draper*, 151 Idaho at 588, 261 P.3d at 865. As stated above, an erroneous instruction will not be considered reversible error unless the instructions as a whole misled the jury or prejudiced a party. *Id.* Mann argues that the answer the court provided relieved the State of its burden of proving intent within the jurisdiction. We disagree. Jury Instruction 12h properly stated the State's burden. The court's answer to the jury's question simply instructed the jury that it didn't matter where that intent was initially formed.

8

This instruction is consistent with Idaho Code sections 18-202 and 19-301. Thus, we find Mann's claim of error to be without merit.

## IV. CONCLUSION

We affirm the judgments of the district court.

Chief Justice BURDICK and Justices EISMANN, JONES and BRODY, **CONCUR**.