BURDICK, C. J., concurring in part and dissenting in part. I respectfully dissent from the majority’s conclusion that the dismissal of Count II must be reversed. I agree with the majority that the district court erred by taking judicial notice of the preclusive effect of the Confirmation Proceeding. But I do not agree that this error requires reversal. Because the district court considered material explicitly referenced in the amended complaint and later attached to the motion to dismiss, I would affirm. As is well established, “This Court may affirm decisions of a district court based on different theories than applied by the district court.” State v. Mann, 162 Idaho 36, 42, 394 P.3d 79, 85 (2017) (citing Johnson v. Blaine Cnty., 146 Idaho 916, 921, 204 P.3d 1127, 1132 (2009)). In this case specifically, I would affirm the district court’s dismissal of Count II by differentiating impermissible takings of judicial notice from permissible considerations of outside evidence. The majority is correct that in Taylor v. McNichols, 149 Idaho 826, 833, 243 P.3d 642, 649 (2010), this Court adopted the judicial notice standard for Rule 12(b)(6) articulated by the Court of Appeals in Hellickson v. Jenkins, 118 Idaho 273, 276, 796 P.2d 150, 153 (Ct. App. 1990). This standard is as follows: [A] trial court, in considering a Rule 12(b)(6) motion to dismiss, has no right to hear evidence; and since judicial notice is merely a substitute for the conventional method of taking evidence to establish facts, the court has no right to take judicial notice of anything, with the possible exception of facts of common knowledge which controvert averments of the complaint. McNichols, 149 Idaho at 833, 243 P.3d at 649 (quoting Hellickson, 118 Idaho at 276, 796 P.2d at 153). Thus, under this standard, it is clear that the district court erred by taking judicial notice of the preclusive effect of the Confirmation Proceeding. However, this standard is limited to judicial notice and its intersection with Rule 12(b)(6). This standard does not address the propriety of considering outside evidence by methods aside from taking judicial notice of it. In McNichols, this Court acknowledged that federal courts evaluate Rule 12(b)(6) motions by consider[ing] the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. See 5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007). Id. (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007)). This Court in McNichols then clarified that “[n]othing in [the above federal standard] is inconsistent with what is written in Hellickson.” Id. That is because the standard articulated in Hel-lickson and McNichols is limited to judicial notice and its intersection with Rule 12(b)(6), not the propriety of considering outside evidence by methods aside from taking judicial notice of it. The federal standard, which this Court clarified is not inconsistent with McNichols and Hellickson, permits consideration of outside evidence in certain circumstances, the most relevant circumstance being where a key document is referenced in the pleadings and later attached to a dismissal motion. E.g., Vanover v. Hantman, 77 F.Supp.2d 91, 98 (D.D.C. 1999) (“[W]here a document is referred to in the complaint and is central to plaintiffs claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.” (citing Greenberg v. The Life Ins. Co. of Va., 177 F.3d 507, 514 (6th Cir. 1999))); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991). Here, Appellants’ amended complaint specifically pled as follows: Plaintiffs appeared in the District’s judicial confirmation case, Minidoka County Case No. CV-2014-189, to protest the bond. There, the court declined to address Plaintiffs’ constitutional concerns to be addressed in this matter, finding that they were outside the purview of that proceeding. See Order Regarding Responses in Opposition to the Verified Complaint and Petition CV-2014-189 at 5-6 (filed May 13, 2014). And when moving to dismiss Appellants’ complaint, Respondents attached the relevant order and the certified final judgment to their motion to dismiss. Therefore, the district court did not err by considering the preclusive effect of the Confirmation Proceeding. Cf. Cortec, 949 F.2d at 47-48 (explaining that F.R.C.P. 12(b)(6) permits consideration of documents outside the pleadings if the complaint necessarily relies on the document and the defendant presents the document in a motion to dismiss). As stated, McNichols expressly clarified that “[n]othing in [the federal standard] is inconsistent with what is written in Hellickson[,]” 149 Idaho at 833, 243 P.3d at 649, and the federal standard would permit consideration of the pre-elusive effect of the Confirmation Proceeding in this case, as reasoned above. Further, Hellickson and McNichols are factually inapposite to this case. In Hellickson, the magistrate court considered probate files in estate cases, but nowhere does Hellickson suggest the specific files or estate cases had been referenced in the pleadings. 118 Idaho at 275-76, 796 P.2d at 152-53. Likewise, in McNichols, the prior case considered had not been referenced in the pleadings; rather, “the district court judge, who was also the judge in the [prior case], found that the arguments made by [the parties] incorporated events and actions that occurred in the [prior case] and, therefore, took judicial notice of the [prior case] in toto.” 149 Idaho at 831, 243 P.3d at 647. Here, by contrast, the district court’s consideration was limited to material explicitly referenced in Appellants’ amended complaint and attached to Respondents’ motion to dismiss. It is not as if the district court sua sponte considered nuanced arguments made in the Confirmation Proceeding or some obscure detail buried in the record thereof. As such, I would affirm the dismissal of Count II.[1] . In addition, this Court could affirm by applying the Rule 56 summary judgment standard. As this Court explained in Peterson v. Private Wilderness, LLC, 152 Idaho 691, 697, 273 P.3d 1284, 1290 (2012): [T]he district court took into consideration the Easement Case when it denied the Petersons’ motion to dismiss. Judicial notice of another case file is inappropriate procedure where a 12(b)(6) standard is used within a trial court’s analysis. However, ... where a 12(b)(6) standard is inappropriate, as it was here, this Court can review the record presented on a summary judgment basis de novo. Accordingly, upon review of the record, this Court finds that the Petersons are entitled to summary judgment based upon judicial notice of the Easement Case.