**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 51578**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Plaintiff-Respondent,** | ) | |
| | ) | |
| **v.** | ) | **Boise, June 2025 Term** |
| | ) | |
| **ERIC ANTHONY GONZALES,** | ) | **Opinion Filed: June 27, 2025** |
| | ) | |
| **Defendant-Appellant.** | ) | **Melanie Gagnepain, Clerk** |
| _____ | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Richard S. Christensen, District Judge.

The district court's order denying Gonzales' motion to suppress is <u>reversed</u> and Gonzales' judgment of conviction is <u>vacated</u>.

Erik R. Lehtinen, State Appellate Public Defender, Boise, for Appellant. Sally J. Cooley submitted argument on the briefs.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. Mark W. Olson submitted argument on the briefs.

_____

PER CURIAM

Eric Anthony Gonzales appeals his judgment of conviction for possession of a controlled substance, asserting that the district court erred in denying his motion to suppress because he lacked standing to challenge the search of a drawstring bag found in a rental vehicle. The State concurs with Gonzales' position. Because we agree with the parties that the district court erred in denying Gonzales' motion to suppress, we reverse the order denying Gonzales' motion and vacate Gonzales' judgment of conviction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Gonzales was a passenger in a rental vehicle stopped by law enforcement for a traffic violation. The driver was the authorized driver of the rental vehicle. During the traffic stop, a canine unit arrived to conduct an open-air sniff. Gonzales and the driver were removed from the

1

vehicle during the sniff. The drug dog alerted on the vehicle, and law enforcement then conducted a search. During this search, the officer opened and searched a drawstring bag found on the floor of the passenger seat where Gonzales had been sitting. The bag contained Gonzales' identification, controlled substances, and paraphernalia. After the search, when asked if the bag belonged to him, Gonzales denied ownership. Gonzales was arrested and the State subsequently charged Gonzales with one felony count of possession of methamphetamine; one felony count of possession of cocaine; two misdemeanor counts of possession of paraphernalia; and one misdemeanor count of possession of marijuana.

Gonzales filed a motion to suppress the evidence, arguing that the contraband found in the bag was fruit of the poisonous tree because probable cause to search the vehicle, and therefore the bag, was not established prior to an unconstitutional trespass by the drug dog pursuant to *State v. Dorff*, 171 Idaho 818, 526 P.3d 988 (2023). The district court denied Gonzales' motion finding that, pursuant to this Court's decision in *State v. Mann*, 162 Idaho 36, 394 P.3d 79 (2017), Gonzales lacked standing to challenge the search of the vehicle. The district court explained that *Mann* adopted a bright line rule that a driver of a rental vehicle does not have an expectation of privacy in the vehicle if they were not authorized to drive the vehicle by the rental company. The district court reasoned that, if a driver who was not on the rental agreement did not have a reasonable expectation of privacy in the vehicle, then a passenger who was not on the rental agreement would have an even "lesser expectation of privacy." While the district court recognized that Gonzales was ultimately challenging the search of the drawstring bag, it concluded that "you don't get to the search of the bag until you get through the search of the vehicle."

Following the denial of his motion to suppress, Gonzales entered a conditional guilty plea to possession of methamphetamine reserving his right to appeal the denial of his motion to suppress. In return for his guilty plea, the State dismissed the remaining charges against Gonzales. Gonzales timely appeals.

## II. STANDARD OF REVIEW

When this Court reviews a trial court's denial of a motion to suppress, we employ a bifurcated standard of review. *State v. Ramos*, 172 Idaho 764, 770, 536 P.3d 876, 882 (2023). "This Court accepts 'the trial court's findings of fact unless they are clearly erroneous' but freely reviews 'the trial court's application of constitutional principles to the facts found.'" *Id.* (quoting *State v. Howard*, 169 Idaho 379, 381, 496 P.3d 865, 867 (2021)). In the Fourth Amendment

2

context, "standing . . . can be a useful shorthand for capturing the idea that a person must have a cognizable Fourth Amendment interest in the place searched before seeking relief for an unconstitutional search." *Byrd v. United States*, 584 U.S. 395, 410-11 (2018). However, unlike "Article III standing, which is jurisdictional and must be assessed before reaching the merits" of a party's claim, Fourth Amendment standing "is not distinct from the merits and is more properly subsumed under substantive Fourth Amendment doctrine." *Id.* (internal quotation marks and citations omitted).

### III. ANALYSIS

On appeal, Gonzales argues that the district court erred in holding that he lacked standing to challenge the search of the vehicle because the bright line test adopted in *State v. Mann*, 162 Idaho 36, 394 P.3d 79 (2017), was subsequently invalidated by *Byrd v. United States*, 584 U.S. 395 (2018). In a stipulated motion to remand, filed in lieu of a respondent's brief, the State concurs with Gonzales' analysis and concedes that "the district court erred in concluding that Gonzales lacked standing to challenge [the officer's] search of the bag." We agree.

In *Mann*, we recognized a split amongst the federal appellate circuits regarding the appropriate test to determine whether a driver of a rental vehicle, who was not an authorized driver pursuant to the rental agreement, had a reasonable expectation to privacy in the vehicle to allow the driver to challenge a search of the vehicle. 162 Idaho at 41, 394 P.3d at 84. After reviewing the tests articulated by the varying circuits, we concluded that the "better approach is expressed in the bright line test adopted by the Fourth, Fifth, and Tenth Circuits" and adopted a test under which a driver's reasonable expectation of privacy in a vehicle was determined based solely on whether the driver was expressly authorized to drive the vehicle by the rental agreement. *Id.* at 42, 394 P.3d at 85.

After we issued our decision in *Mann*, the Supreme Court of the United States granted certiorari in *Byrd* to "address the conflict among the Courts of Appeals over whether an unauthorized driver has a reasonable expectation of privacy in a rental car." 584 U.S. at 402. The Supreme Court rejected the bright line test based solely on whether the driver was authorized to drive the vehicle by the rental agreement concluding such a "*per se* rule rests on too restrictive a view of the Fourth Amendment's protections." *Id.* at 405. The Supreme Court held that the "mere fact that a driver in lawful possession or control of a rental car is not listed on the rental agreement will not defeat his or her otherwise reasonable expectation of privacy." *Id.* at 411. We agree with

3

the parties that because the Supreme Court's analysis and holding in *Byrd* rejected the *per se* bright line test adopted by this Court, *Mann* is no longer good law. As such, we conclude that the district court's order denying Gonzales' motion to suppress on standing grounds must be reversed and Gonzales' judgment of conviction vacated. Our decision is premised solely on the limited scope of the district court's prior standing analysis and does not otherwise address the merits of Gonzales' motion to suppress. On remand, the district court is free to consider any issues necessary to decide Gonzales' motion on the merits.

## IV. CONCLUSION

We reverse the district court's denial of Gonzales' motion to suppress, vacate Gonzales' judgment of conviction, and remand to the district court for further proceedings consistent with this opinion.