920 P.2d 927

STATE of Idaho, Plaintiff–Respondent–Cross Appellant,

v.

Karen Renee THOMAS, Defendant–Appellant–Cross Respondent.

No. 21798.

Court of Appeals of Idaho.

July 19, 1996.

Martin, Chapman, Schild & Lassaw, Chtd., Boise, for appellant. Joseph J. Alegria II argued.

Hon. Alan G. Lance, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent. John C. McKinney argued.

PERRY, Judge.

Karen Renee Thomas was convicted of vehicular manslaughter. The district court sentenced her to a unified term of ten years, with a five-year minimum period of incarceration. Thomas appeals, claiming that the jury was improperly instructed as to the elements of the crime charged.[1] We affirm.

## I.

### FACTS AND PROCEDURE

On February 5, 1994, Karen Renee Thomas was driving her pickup and was accompanied by her fiance, Ronald Wayne Kearby. An accident occurred and Kearby was fatally injured. A test performed at a local hospital indicated Thomas's blood alcohol content was .15. Thomas was charged with vehicular manslaughter. I.C. § 18–4006(3)(b).[2]

Thomas was tried by a jury and found guilty of vehicular manslaughter. The district court sentenced Thomas to a unified term of ten years, with a minimum period of confinement of five years. Thomas appeals, claiming that the jury was improperly instructed as to the elements of vehicular manslaughter.

---

1. The state filed a notice of cross-appeal on January 26, 1995. However, the state later chose to abandon pursuit of the cross-appeal.

2. Manslaughter is the unlawful killing of a human being, without malice. It is of three (3) kinds:

    ....

....

(3) Vehicular—in which the operation of a motor vehicle causes death because of:

....

(b) the commission of a violation of section 18–8004[DUI] or 18–8006 [aggravated DUI], Idaho Code ...

## II.

## ANALYSIS

### A. Standard of Review

█ The failure to object to an instruction at trial in a criminal case does not constitute a waiver of any objection to the instruction on appeal. *State v. Smith,* 117 Idaho 225, 229, 786 P.2d 1127, 1131 (1990). The question whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Gleason,* 123 Idaho 62, 65, 844 P.2d 691, 694 (1992). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman,* 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct.App. 1993).

### B. Jury Instructions

█ Thomas was charged with vehicular manslaughter pursuant to I.C. § 18–4006(3)(b). That statute addresses the unlawful killing of another in which the operation of a motor vehicle caused the death because of a violation of I.C. §§ 18–8004 (driving under the influence) or 18–8006 (aggravated driving under the influence). We begin by noting that I.C. § 18–8004 provides one crime with two methods of proof. The state may establish a violation of this provision by proving that, while driving, the defendant's blood alcohol concentration was at least .10 or may, instead, prove through direct and circumstantial evidence that the defendant was driving under the influence of alcohol. *State v. Hartwig,* 112 Idaho 370, 375, 732 P.2d 339, 344 (Ct.App.1987). Pursuant to the *per se* method of proving a DUI, the state must provide an accepted test of the defendant's blood, breath or urine which shows an alcohol concentration of .10 or above and further evidence that the test was accurate. *State v. Pressnall,* 119 Idaho 207, 211, 804 P.2d 936, 940 (Ct.App.1991). To establish through circumstantial evidence that the defendant was under the influence, the state must prove that the defendant had consumed alcohol "to such an extent as to influence or affect his/her driving of a motor vehicle." *State v. Andrus,* 118 Idaho 711, 716, 800 P.2d 107, 112 (Ct.App.1990). *See also State v. Glanzman,* 69 Idaho 46, 202 P.2d 407 (1949).

█ Here, the state charged Thomas in the alternative under both theories. That is, the state alleged that Thomas had been driving while under the influence of alcohol or had been driving with a blood alcohol concentration exceeding .10. Thomas argues that the jury instructions failed to advise the jury that in order for the state to prove a violation of I.C. § 18–8004 through the circumstantial evidence method, the evidence must show that she "consumed intoxicating liquor to such extent as to influence or affect [her] ability to drive" as required by *Glanzman,* 69 Idaho at 49, 202 P.2d at 410. Thomas asserts that this error was prejudicial because the jury may have found the state's evidence of a *per se* violation to be unreliable and may have found her guilty based only on a conclusion that she had been drinking before she drove.

The state responds that the *Glanzman* instruction requested by Thomas was not applicable in this case. The state also asserts that the instructions provided by the district court adequately expressed the rationale in *Glanzman.* Specifically the state argues the focus on the causal link between Thomas's unlawful act of driving under the influence and Kearby's death satisfies the requirements of *Glanzman.* The state submits that instructions 6, 7, 8, and 9, when taken together, adequately express the law on vehicular manslaughter and DUI. Finally the state alleges that any error committed by the district court in omitting the *Glanzman* instruction was harmless due to the overwhelming evidence that Thomas was in violation of I.C. § 18–8004.

The vehicular manslaughter charge, as brought against Thomas, required the state to prove that her operation of a motor vehicle caused Kearby's death *because* she was driving in an unlawful manner, specifically, under the influence of alcohol. I.C. § 18–4006(3)(b). "In other words, [s]he was guilty of vehicular manslaughter only if [her] being under the influence [of alcohol] ... was the cause of the collision." *State v. Gardner,* 126

Idaho 428, 435, 885 P.2d 1144, 1151 (Ct.App. 1994).

The jury instructions in this case clearly required the jury to find this causal relationship between the alleged DUI and the accident. The jury was required to find that Thomas was guilty of a violation of I.C. § 18–8004, and the violation of that statute, *i.e.* driving while under the influence, caused the accident. Only if her ability to drive was impaired, could driving while under the influence of alcohol have caused an accident. By requiring such a finding, the district court's instructions to the jury adequately covered the *Glanzman* requirement that Thomas's consumption of alcohol affected her driving.

 ▪ Although a *Glanzman* instruction should have been included, the error will not be reversible if the instructions given adequately informed the jury of the law and were not misleading. *State v. McFarland,* 88 Idaho 527, 534, 401 P.2d 824, 828 (1965). We examine the instructions as a whole, not in isolated parts. *State v. Bowman,* 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct.App. 1993); *State v. McBride,* 123 Idaho 263, 266, 846 P.2d 914, 917 (Ct.App.1992). Although a more specific instruction would have been preferable, the instructions as given do, as a whole, fairly and accurately reflect the elements of vehicular manslaughter, including the violation of I.C. § 18–8004.

## III.

### CONCLUSION

The instructions properly reflected the elements of the crime of vehicular manslaughter. Thomas's judgment of conviction is therefore affirmed.

WALTERS, C.J., and LANSING, J., concur.