IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 46803

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, June 2021 Term |
| | ) | |
| v. | ) | Opinion Filed: January 4, 2022 |
| | ) | |
| ADAM BRADLEY PAULSON, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Appellant. | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Deborah A. Bail, District Judge.

The judgment of the district court is <u>vacated</u>.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant Adam Bradley Paulson. Eric D. Fredericksen argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent State of Idaho. Kenneth K. Jorgensen argued.

_____

STEGNER, Justice.

Adam Paulson struck and killed a pedestrian with his vehicle as the pedestrian was crossing a road late on the night of November 18, 2017. After law enforcement conducted field sobriety testing on him, Paulson was arrested for misdemeanor driving under the influence (DUI) at the scene of the accident. He was later charged with vehicular manslaughter, and a jury trial was held in October and November 2018. The jury convicted Paulson of vehicular manslaughter.

Paulson appeals his vehicular manslaughter conviction, arguing that the district court erred when it refused to instruct the jury on the causation element required by Idaho Code section 18-4006(3)(b). Paulson argues that the district court should have instructed the jury regarding proximate, intervening, and superseding causes because the pedestrian, who was intoxicated, crossed the road in an unlit area with no marked crosswalk. Paulson also maintains that his right to a fair trial was violated when the district court instructed the jury using Idaho Criminal Jury Instruction (ICJI) 709, arguing that ICJI 709 does not set forth all the elements of Idaho Code

1

section 18-4006(3)(b). For the reasons set forth below, Paulson's conviction of vehicular manslaughter is vacated.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

At around midnight on November 18, 2017, Adam Paulson and his girlfriend were driving home from WilliB's Saloon in Boise, Idaho, after an evening out with friends. Paulson was driving his Chevrolet Silverado pickup truck northbound on Eagle Road in Eagle. As Paulson's truck approached the intersection of Eagle Road and Riverside Drive, the airbags in the vehicle suddenly deployed. Paulson told responding officers that he did not know what had caused the airbags to deploy. Paulson stopped his vehicle slightly up the road and turned his hazard lights on. Drivers passing by the intersection began to stop and gather around a woman who was lying face down in the road. The woman was later identified as 24-year-old Madeline Duskey. Shortly thereafter, paramedics arrived and began to render aid and transported her to a nearby hospital. Duskey was pronounced dead at the St. Alphonsus Emergency Department in Eagle at 12:56 a.m. on November 18, 2017. An autopsy was performed, and toxicology reports showed that Duskey had a blood alcohol content of .238 percent. The forensic pathologist characterized this level of intoxication as "acute alcohol intoxication." Duskey also had THC (marijuana) in her system.

As local law enforcement officers arrived at the scene of the collision, Paulson was identified as the driver of the vehicle which struck Duskey. Paulson told officers that he had been driving in his lane of traffic toward a green light when the airbags suddenly deployed. Paulson was distraught after realizing that he had struck a pedestrian but cooperated with law enforcement by answering questions about his whereabouts that evening. Eventually, an officer decided to conduct field sobriety tests of Paulson due to the officer's observations, including an odor of alcohol emanating from Paulson's breath, his "glassy" eyes, and his speaking with a "thick tongue."

Paulson failed three field sobriety tests, and the officer asked if Paulson would take a breathalyzer test, to which he agreed. Paulson's first attempt to give a breath sample was unsuccessful, but the second attempt showed a breath alcohol content of .197 percent. Three additional breath samples were given by Paulson, showing a breath alcohol content of .158 percent, .174 percent, and .164 percent, respectively. Based on these inconsistent readings, the officer determined that a blood draw should occur. Paulson agreed to undergo the blood draw. He was transported to the jail where a paramedic conducted the test, the results of which showed a blood alcohol content of .213 percent.

2

The State charged Paulson with vehicular manslaughter in violation of Idaho Code section 18-4006(3)(b).[1] After a preliminary hearing, the magistrate court found probable cause to bind Paulson over to district court, and an information was filed charging Paulson with vehicular manslaughter. Paulson filed a motion to dismiss, arguing that there was insufficient evidence to establish probable cause on the causation element of Idaho Code section 18-4006(3) because the State's only witness at the preliminary hearing did not witness the collision. The district court denied this motion, and the case was set for a jury trial.

A five-day trial took place from October 29 through November 2, 2018. Paulson presented evidence that Duskey, the pedestrian, was wearing black clothing and crossing in an area that was not sufficiently lit by surrounding streetlights. Paulson also presented evidence of Duskey's intoxication. Whether Duskey crossed Eagle Road in a marked pedestrian crosswalk was disputed by the parties throughout the trial.

The jury found Paulson guilty of vehicular manslaughter. Paulson filed an Idaho Criminal Rule 29 motion for judgment of acquittal on the vehicular manslaughter charge, arguing that the State had not presented sufficient evidence to prove that Paulson's intoxication was the cause of Duskey's death. The district court denied Paulson's motion and the case proceeded to sentencing. The district court imposed a sentence of fifteen years, with five years fixed, but suspended the sentence and gave Paulson credit for fourteen months of time served. The district court placed Paulson on supervised probation for fifteen years with several conditions, including requiring Paulson to wear an alcohol monitor, requiring that he attend Alcoholics Anonymous (AA) meetings daily, and requiring that he pay child support and restitution to the victim's young children.[2]

Paulson timely appealed to this Court.

## II.    STANDARD OF REVIEW

"'Whether jury instructions fairly and adequately present the issues and state the applicable law is a question of law over which this Court exercises free review.'" *State v. Draper*, 151 Idaho 576, 587, 261 P.3d 853, 864 (2011) (quoting *State v. Humpherys*, 134 Idaho 657, 659, 8 P.3d 652, 654 (2000)). This Court looks to jury instructions as a whole, rather than individually, to determine whether they adequately present the issues and state the applicable law. *Id.* at 588, 261 P.3d at 865; *State v. Adamcik*, 152 Idaho 445, 472, 272 P.3d 417, 444 (2012). "'An

---

[1] The State later filed an amended complaint adding the specific results of the breathalyzer tests and blood draw.
[2] Paulson's probation was later revoked after his alcohol monitor bracelet recorded a "tamper event." This development is irrelevant to this appeal.

erroneous instruction will not constitute reversible error unless the instructions as a whole misled the jury or prejudiced a party.'" *State v. Mann*, 162 Idaho 36, 43, 394 P.3d 79, 86 (2017) (quoting *State v. Zichko*, 129 Idaho 259, 264, 923 P.2d 966, 971 (1996)). If there is an omission of an essential element in a jury instruction this Court employs the harmless error test. *State v. Hickman*, 146 Idaho 178, 180, 191 P.3d 1098, 1100 (2008).

*State v. Campbell*, ___ Idaho ___, ___, 481 P.3d 118, 123 (2021).

"[T]he standard of review of whether a jury instruction should or should not have been given is whether there is evidence at trial to support the instruction, and whether the instruction is a correct statement of the law." *Mackay v. Four Rivers Packing Co.*, 151 Idaho 388, 391, 257 P.3d 755, 758 (2011) (quoting *Clark v. Klein*, 137 Idaho 154, 156, 45 P.3d 810, 812 (2002)).

## III.  ANALYSIS

**A.  The district court erred in declining to instruct the jury on the required causal link between a defendant's unlawful conduct and the victim's death.**

After both the State and Paulson rested, the district court discussed jury instructions with the parties. Paulson argued that additional instructions regarding causation should be given to the jury. Before trial, Paulson had submitted his proposed jury instructions. Paulson requested the following instruction on proximate cause:

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3

PROXIMATE CAUSE BY PEDESTRIAN

> Intoxication does not of itself constitute negligence, but an intoxicated person is held to the same degree of care as one not intoxicated. Therefore, i[f] you find the collision with the deceased, Madeline Duskey, was proximately caused by the fact that she suddenly stepped into the roadway and into the path of Adam Paulson's vehicle, without sufficient time for Mr. Paulson, in the exercise of due caution, to avoid hitting or colliding with Ms. Duskey then you should acquit Mr. Paulson, even though you may believe that he was to some extent under the influence of an intoxicating beverage at the time of the accident.

(Citing Washington Criminal Jury Instructions; Washington Civil Jury Instructions; *State v. Thompson*, No. 44542, 2018 WL994649 (Idaho Ct. App 2018), *rev'd Thompson v. State*, 164 Idaho 821, 436 P.3d 642 (2018); Idaho Code § 49-4006(3); *State v. McGlochlin*, 85 Idaho 459, 381 P.2d 435 (1963)).

The district court rejected the proposed instructions, noting

> the Washington state statute [cited by Paulson in his proposed instructions] is not similar to our statute. The Washington state statute [] expressly makes proximate cause a requirement. Our statute says significant cause. I also note that our

4

legislature chose to use the term "significant cause" even though the concept of proximate cause in the tort law concept is something that is certainly very well established. . . . I think the legislature stayed out of the complexity of proximate cause analysis when it made a choice to use significant cause.

The district court declined to include an instruction regarding proximate cause. It did not instruct on any of Paulson's other requested instructions. Idaho Criminal Jury Instruction (ICJI) 709 was used to instruct the jury of the elements required to prove vehicular manslaughter set forth in Idaho Code section 18-4006(3)(b). The instruction given read as follows:

In order for the defendant to be guilty of vehicular manslaughter, the State must prove each of the following:

1. On or about November 18, 2017[;]

2. In the state of Idaho[;]

3. the defendant ADAM BRADLEY PAULSON while operating a motor vehicle committed the unlawful act of Driving While Under the Influence of Alcohol in violation of I.C. § 18-8004; and

4. the defendant's operation of the motor vehicle in such unlawful manner was a significant cause contributing to the death of Madeline Duskey.

If any of the above has not been proven beyond a reasonable doubt, you must find defendant not guilty. If each of the above has been proven beyond on a reasonable doubt, then you must find the defendant guilty.

The district court also included a definition of vehicular manslaughter in the jury instructions: "Vehicular Manslaughter is defined as the unlawful killing of a human being without malice in which the operation of a motor vehicle is a significant cause contributing to the death of another person because of the violation of Idaho Code § 18-8004."

The jury submitted a question to the district court during deliberations: "Can you please define 'significant?'" The district court issued the following answer:

The term "significant" should be given its plain English meaning. A person may be convicted of vehicular manslaughter for the unlawful killing of another human being in which the operation of a motor vehicle is a significant cause contributing to the death because of a violation of I.C. § 18-8004.

The jury subsequently found Paulson guilty of vehicular manslaughter.

On appeal, Paulson argues that the district court committed reversible error because it failed to instruct the jury further on causation as required by Idaho Code section 18-4006(3)(b). Paulson contends that "the plain language of I.C. § 18-4006 requires the district court to instruct the jury on proximate, intervening, and superseding cause." Paulson asserts that the statute makes

5

clear that "the 'operation of a motor vehicle' has to be the 'significant cause contributing to the death.'" Paulson's reading of the statute is that "significant cause" has a different meaning than the phrase "because of," requiring the State to prove that "the DUI was the proximate cause, not just a significant cause, of the unlawful killing." Therefore, according to Paulson, the inquiry this Court must undertake is "whether the injury and manner of the occurrence are 'so highly unusual that we can say, as a matter of law that a reasonable [person], making an inventory of the possibilities of harm which his conduct might produce, would not have reasonably expected the injury to occur.'" (Quoting *State v. Lampien*, 148 Idaho 367, 374, 223 P.3d 750, 757 (2009).)

In response, the State argues that Idaho Code section 18-4006(3) does not include an element of proximate cause. Specifically, the State contends that the causation element for vehicular manslaughter is "significant cause." According to the State, the "because of" clause in section 18-4006(3) acts as a limitation on the types of motor vehicle operation covered by the statute. The State next discusses the legislative history of Idaho Code section 18-4006(3), noting that "in 1983 the legislature completely removed [the reference to proximate cause] and made vehicular manslaughter a third category of manslaughter."

The State continues by contending that Paulson's interpretation of the statute would (1) significantly expand the types of conduct that would qualify as vehicular manslaughter, and (2) would "render language in the statute superfluous because if the state must prove proximate cause, then the statutory requirement of "significant cause" would be moot.

Paulson counters, arguing that this Court need not reach the legislative history of Idaho Code section 18-4006 because the statute is "clear and unambiguous" in that it contains "two separate clauses and causation requirements." Paulson further contends that the State's reading of the statute transforms it into a strict liability statute, "wherein the State would only need to prove the driver was over the legal limit and that a death occurred, without any causation analysis that the driver's intoxication was the proximate cause of the accident."

Paulson points out that no specific instruction regarding the definition of "significant cause" was originally given to the jury. In fact, during their deliberations, the jury submitted a question to the district court asking for a definition of "significant." Again, the district court's response stated:

> The term "significant" should be given its plain English meaning. A person may be convicted of vehicular manslaughter for the unlawful killing of another human

6

being in which the operation of a motor vehicle is a significant cause contributing to the death *because of a violation of I.C. § 18-8004*.

(Italics added.) Paulson asserts that this answer was "confusing" to the jury, "as it conflicts with the elements instruction, which did not include the 'because of' language in I.C. § 18-4006(3)(b)."

Finally, Paulson asserts that this error was not harmless, and that the State "has waived any claim that the error in this case was harmless," because it did not make this argument. "Accordingly," Paulson argues, "in the event this Court finds error on this claim, reversal for a new trial is implicitly conceded."

"Jury instructions, when considered as a whole, are meant to fairly and adequately present the issues and state the applicable law." *State v. Medina*, 165 Idaho 501, 508, 447 P.3d 949, 956 (2019). "A trial court is under the duty to instruct upon *every reasonable theory* of the litigants that is recognized by law as presenting a basis of a claim of relief or a defense thereto, where such theory finds support in the pleadings and the evidence." *Siercke v. Siercke*, 167 Idaho 709, 476 P.3d 376, 380 (2020) (quoting *Ackerschott v. Mountain View Hosp., LLC*, 166 Idaho 223, 234, 457 P.3d 875, 886 (2020)) (italics added).

> An erroneous jury instruction violates due process if it omits a contested element of a crime or if it relieves the State of the burden of proving every element of the crime beyond a reasonable doubt. *State v. Draper*, 151 Idaho 576, 588, 261 P.3d 853, 865 (2011). "[T]he State must prove every element of the offense, and a jury instruction violates due process if it fails to give effect to that requirement." *Id.* (quoting *State v. Anderson*, 144 Idaho 743, 749, 170 P.3d 886, 892 (2007)).

*Medina*, 165 Idaho at 509, 447 P.3d at 957 (alteration in original).

> "Terms which are of common usage and are sufficiently generally understood need not be further defined when instructing the jury." [*State v. Zichko*, 129 Idaho 259, 264, 923 P.2d 966, 971 (1996).] "When the instructions, taken as a whole, do not mislead or prejudice a party, even an erroneous instruction does not constitute reversible error." *Crawford* [*v. State*, 160 Idaho 586, 596, 377 P.3d 400, 410 (2016)]; (quoting *Chapman v. Chapman*, 147 Idaho 756, 759, 215 P.3d 476, 479 (2009)). Put another way, "[t]he question is whether the instructions as a whole, and not individually, fairly and accurately reflect the applicable law." *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010) (quoting *State v. Page*, 135 Idaho 214, 221, 16 P.3d 890, 897 (2000)).

*Thompson*, 164 Idaho at 826, 436 P.3d at 647 (third alteration in original).

Idaho Code section 18-4006(3)(b) defines vehicular manslaughter:

Manslaughter is the unlawful killing of a human being including, but not limited to, a human embryo or fetus, without malice. . . .

(3) Vehicular - in which the operation of a motor vehicle is a significant cause contributing to the death because of: . . .

 (b) The commission of a violation of section 18-8004 or 18-8006, Idaho Code; . . .

I.C. § 18-4006(3)(b). In turn, Idaho Code section 18-8004 prohibits operation of a vehicle while a person is under the influence of "alcohol, drugs, or any other intoxicating substances, . . . or who has an alcohol concentration of 0.08 . . . or more." I.C. § 18-8004(1).

This Court and the Idaho Court of Appeals have previously addressed the causation requirement for vehicular manslaughter pursuant to Idaho Code section 18-4006(3)(b), but neither have specifically clarified the question of whether proximate cause is an element of this offense. In *State v. Gardner*, the Court of Appeals addressed the required proof of causation to convict a defendant under Idaho Code section 18-4006(3)(b):

> The vehicular manslaughter charge against Gardner required the further element that the defendant's operation of the motor vehicle caused the death of another because of the defendant's driving in an unlawful manner. I.C. § 18–4006(3)(a), (b). In other words, he was guilty of vehicular manslaughter *only if his being under the influence of marijuana or his commission of some other unlawful act with gross negligence was the cause of the collision*.

126 Idaho 428, 435, 885 P.2d 1144, 1151 (Ct. App. 1994) (italics added).

Similarly, in *State v. Thomas*, the Court of Appeals stated that a vehicular manslaughter charge brought pursuant to Idaho Code section 18-4006(3)(b)

> required the state to prove that [the defendant's] operation of a motor vehicle caused [a] death *because* she was driving in an unlawful manner, specifically, under the influence of alcohol. I.C. § 18-4006(3)(b). "In other words, [s]he was guilty of vehicular manslaughter only if [her] being under the influence [of alcohol] . . . was the cause of the collision."

128 Idaho 906, 908–09, 920 P.2d 927, 929–30 (Ct. App. 1996) (italics and some alterations in original) (quoting *Gardner*, 126 Idaho at 435, 885 P.2d at 1151).

This Court has also had occasion to discuss causation in the vehicular manslaughter context. In *State v. Robinett*, a defendant charged with vehicular manslaughter contended that a passenger in his vehicle became angry and interfered with the defendant's driving, causing a collision which resulted in that passenger's death. 141 Idaho 110, 111, 106 P.3d 436, 437 (2005). Robinett sought to instruct the jury on superseding cause "to allow the jury to properly consider his evidence that [the passenger] caused the accident by attacking Robinett while Robinett was driving." *Id.* at 113, 106 P.3d at 439. We concluded that the district court did not err by refusing to instruct the jury on superseding cause:

Robinett sought to show that he committed no act that could have had a causal relationship to the car accident and that the sole cause of the accident was [the passenger's] attack. Robinett's theory required the jury to choose one of two alternative causes; not to assess whether a second action occurred subsequent to the first which intervened or superseded to actually result in the accident. The jury was appropriately called upon to decide which of the two causes it believed actually caused the accident. Therefore, the district court did not err by refusing Robinett's proposed jury instructions on superseding cause.

*Id.*

In a special concurrence, Justice Burdick discussed the prosecution's closing argument in regard to Robinett's aggravated DUI charge, noting that the prosecutor "misstated to the jury the causation element." *Id.* at 114, 106 P.3d at 440.

The prosecutor's argument here was improper because it suggested to the jury that the State need not prove *any* causal relationship between Robinett's driving under the influence and the accident that caused [the passenger's] injuries. . . . This assertion in the prosecutor's argument that a defendant is "strictly liable" for any injury that occurs while he is driving under the influence eliminated the causation element and misled the jury regarding the State's burden of proof.

*Id.* (Italics added.) Finally, the concurrence noted that the aggravated DUI required "that there be 'some causal relationship between the defendant's driving while under the influence and the victim's injuries.'" *Id.* (quoting *State v. Johnson*, 126 Idaho 892, 895, 894 P.2d 125, 128 (1995)).

Next, in *McKay v. State*, we reviewed an instruction given to the jury for a charge of vehicular manslaughter, finding that the instruction was erroneous because it failed "to account for the phrase 'because of' in the statute," thus "ignor[ing] the required link between the death and the cause of the death, [i.e.,] the defendant's operation of a motor vehicle under the influence of alcohol, rendering [Idaho Code section 18-4006(3)](a)-(c) meaningless." 148 Idaho at 571, 225 P.3d at 704.

Upon our review of the relevant case law and the facts of this case, we conclude the district court erred in refusing to instruct the jury further on the causation element required under Idaho Code section 18-4006(3)(b). The operative statute does not impose strict liability. There still must be a causal link between the driver's impairment and the death that occurs. As our case law makes clear, a defendant cannot be convicted of vehicular manslaughter unless the State can prove a causal link between a defendant's unlawful driving and a death. Consequently, Idaho Criminal Jury Instruction 709 does not fully encompass the elements of vehicular manslaughter. Idaho Code section 18-4006(3)(b) requires the State to prove that "the operation of a motor vehicle is a

*significant cause* contributing to the death *because of . . .*" the commission of the offense of driving under the influence. I.C. § 18-4006(3)(b) (italics added).[3] The jury should have been instructed that, in addition to Paulson's conduct being a significant cause of the victim's death, Paulson must also have caused the collision *because of* his impairment. *See* I.C. § 18-4006(3).

In *McKay*, we held that jury instructions omitting reference to the phrase "because of" were erroneous because the "required link between the death and the cause of the death" was ignored. 148 Idaho at 571, 225 P.3d at 704. Similarly here, the district court failed to accurately instruct the jury on the required link between Paulson's conduct and the cause of the collision. Jury instructions that disregard this link "render [Idaho Code section 18-4006(3)](a)-(c) meaningless" by allowing the State to assert that any person operating a motor vehicle that significantly contributes to a death is guilty of vehicular manslaughter. *See id.* Such an outcome inappropriately transforms the vehicular manslaughter statute into a crime of strict liability. The legislative history of Idaho Code section 18-4006 reveals that when the legislature modified the statute from "cause" to "significant cause contributing to" a death, it did not intend to transform vehicular manslaughter into a strict liability crime. The statement of purpose for House Bill 143 reads, in part:

> The statute as it presently reads has created confusion and resulted in inconsistent interpretations amongst trial judges as well as juries. The proposed change will make it clear that driving under the influence may still result in a finding of guilt for vehicular manslaughter even though other causes, such as weather or lighting, may have in some way contributed to a motor vehicle accident which resulted in death.

H.B. 143, 54th Leg., 1st Reg. Sess. (Idaho 1997). The legislature intended to clarify that the determination of causation is left to the jury. As such, the jury should be instructed as to all potential causes, including the victim's own conduct that may have contributed to the collision.

The Court of Appeals' decision in *Gardner* also supports our conclusion that the jury in Paulson's case should have been further instructed regarding causation. In *Gardner*, the Court of Appeals held that a defendant could be convicted of vehicular manslaughter "*only if his being under the influence* of marijuana . . . *was the cause of the collision.*" 428 Idaho at 435, 885 P.2d at 1151 (italics added). Here, the jury should have been instructed that in order to find Paulson guilty, his commission of an unlawful act, driving under the influence of alcohol, caused his vehicle to strike the victim.

---

[3] Although not specifically challenged on appeal, we note here that the district court's answer to the jury's question regarding the definition of "significant cause" was insufficient and perhaps confusing to the jury.

10

Idaho Civil Jury Instruction 2.30.2 describes proximate cause, and can be modified to follow the language of Idaho Code section 18-4006(3)(b):

> When I use the expression "significant cause," I mean a cause that, in natural or probable sequence, produced the death of Madeline Duskey. The defendant's act need not be the only cause. However, in order to find the defendant guilty of vehicular manslaughter you must find that Paulson's operation of a motor vehicle, as a result of his being under the influence of alcohol, was a significant cause contributing to the death of Madeline Duskey.[4]

*See* IDJI 2.30.2 (modified); *see also* I.C. § 18-4006(3)(b).

This instruction should have been given to the jury in order for "every reasonable theory" supported by the evidence to be presented to the jury. *Siercke*, 167 Idaho at 713, 476 P.3d at 380. Because the district court failed to include an adequate instruction on causation, which was an element of the crime charged, we would ordinarily next decide whether that error was harmless. *See State v. Perry*, 150 Idaho 209, 224, 245 P.3d 961, 976 (2010); *see also State v. Campbell*, ___ Idaho at ___, 481 P.3d at 123 ("If there is an omission of an essential element in a jury instruction this Court employs the harmless error test."). However, on appeal, the State simply asserts that the district court did not err in instructing the jury in the way that it did. The State does not assert that even if the district court erred, that the error was harmless. Therefore, the State has not met its burden of proving that the error was harmless beyond a reasonable doubt. *State v. Perry*, 150 Idaho at 222, 245 P.3d at 974.

Even if we were to consider the harmfulness of the error, the instructions given regarding causation were misstatements of the law and unfairly prejudiced Paulson. Instructions which fail to address each element of a crime charged undoubtedly affect the outcome of a trial and impact a jury's verdict. As instructed, the jury could have applied a strict liability interpretation of the law to the case. Nothing in our case law or the statute itself suggests it was intended to impose strict liability. The fact that the jury asked the district court to define "significant" during its deliberations is evidence of its confusion surrounding the causation element of vehicular manslaughter.

---

[4] IDJI 2.30.2 in its original form states:

> When I use the expression "proximate cause," I mean a cause that, in natural or probable sequence, produced the injury, the loss or the damage complained of. It need not be the only cause. It is sufficient if it is a substantial factor in bringing about the injury, loss or damage. It is not a proximate cause if the injury, loss or damage likely would have occurred anyway.
>
> There may be one or more proximate causes of an injury. When the negligent conduct of two or more persons or entities contributes concurrently as substantial factors in bringing about an injury, the conduct of each may be a proximate cause of the injury regardless of the extent to which each contributes to the injury.

**B. The district court erred in refusing to instruct the jury on whether the pedestrian's conduct constituted an intervening, superseding cause and on a pedestrian's duties when walking along roadways.**

At trial, Paulson elicited evidence from various witnesses regarding the circumstances surrounding Duskey's appearance, state of intoxication, and location where she crossed Eagle Road.[5]

At the close of arguments, Paulson requested the jury be instructed on several pedestrian duties as well as intervening and superseding cause:

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1

INTERVENING CAUSE

If the proximate cause of Ms. Duskey's death was a new, independent and intervening act by Ms. Duskey which Mr. Paulson, in the exercise of ordinary care, should not reasonably have anticipated as likely to happen, Mr. Paulson's act is superceded [sic] by the intervening cause and is not a proximate cause of the death. An intervening cause is an action that actively operates to produce harm after the defendant's act has begun.

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2

SUPERSEDING CAUSE

A superseding cause is a new independent cause that breaks that chain of proximate causation between a defendant's act and an event.

Requested Instruction Number 4 stated: "No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close as to constitute an immediate hazard." (Citing Idaho Code § 49-702(2).) Requested Instruction Number 5 provided: "Every pedestrian crossing a highway at any point other than within a marked crosswalk or within a [sic] unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the highway." (Citing Idaho Code § 49-704(1).) Requested Instruction Number 6 provided: "Between adjacent intersections at which traffic-control signals are in operation, pedestrians shall not cross at any place except in a marked cross walk." (Citing Idaho Code § 49-704(3).)

---

[5] One of the responding officers noted that Duskey's black coat was hanging from the vehicle after the accident occurred, and that she was also wearing black pants. The forensic pathologist testified to Duskey's high level of intoxication. Another officer testified that the streetlights at the intersection of Eagle Road and Riverside Drive were not working on the night of the collision. The officer also recorded the amount of light at the intersection using a light meter, finding that it was comparatively darker than other intersections in the area. The intersection where the collision occurred measured 1 lux of light, where surrounding intersections with working streetlights were around 7.6 lux. This officer further testified that the lux value needed to see a person wearing dark clothing was around 20 lux. Finally, another officer testified that Duskey appeared to have crossed on the side of the intersection that did not have a marked crosswalk.

12

Paulson's Requested Instruction Number 7 stated: "No pedestrian shall cross a highway intersection diagonally unless authorized by traffic-control devices. When authorized to cross diagonally, pedestrians shall cross only in accordance with the traffic-control devices pertaining to crossing movements." (Citing Idaho Code § 49-704(4).) Paulson's Requested Instruction Number 8 provided:

> Where a sidewalk is provided and its use is practicable, it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway.
> Where a sidewalk is not available, any pedestrian walking along and upon a highway shall walk only on a shoulder, as far as practicable from the edge of the roadway.
> Where neither a sidewalk nor a shoulder is available, any pedestrian walking along and upon a highway shall walk as near as practicable to an outside edge of the roadway, and, if on a two-way highway, shall walk only on the left side of the highway.
> Except as otherwise provided in applicable law, any pedestrian upon a roadway shall yield the right-of-way to all vehicles upon the roadway.

(Citing Idaho Code § 49-708.)

Finally, Paulson's last proposed instruction, his Requested Instruction Number 9, provided: "A pedestrian who is under the influence of alcohol or any drug to a degree which renders her a hazard shall not walk or be upon a highway except on a sidewalk." (Citing Idaho Code § 49-1426.) Paulson's counsel argued that

> there is a considerable amount of evidence of acts by Ms. Duskey that contributed or potentially contributed to the circumstances of the collision, I think we do need to focus the jury instructions a little bit more and understand what, I think, is plainly the state of Idaho law that the jury can consider any potential actions by the alleged victim.

The district court agreed with Paulson's counsel that the pedestrian duties and the circumstances of Duskey's crossing the road were "relevant facts if you argue that perhaps a pedestrian entered at the wrong place." The district court next stated that the victim's conduct was "a factor" that the jury should consider, but ultimately ruled that Instructions 4-9 were not "appropriate" in a criminal case.

On appeal, Paulson challenges the district court's exclusion of his requested jury instructions regarding pedestrian duties and intervening and superseding cause. Paulson asserts that striking Duskey with his vehicle was "an unforeseeable and extraordinary occurrence" due to Duskey dressing in black clothing, crossing in an unlit area of Eagle Road with no crosswalk, her high level of intoxication, and the possibility that she may have been on her phone while crossing.

13

Due to these facts, Paulson argues that "the jury could have found one or more intervening or superseding causes to the accident, and as a result, rendered a not guilty verdict on the vehicular manslaughter charge."

Instead of fully addressing Paulson's argument that his requested instructions on pedestrian conduct should have been given, the State contends in a footnote that "[t]his argument succeeds or fails on the merits of Paulson's claim that the state had to prove proximate cause and not merely substantial [sic] cause, and will therefore not be further addressed in this brief." The State concludes that the "district court properly rejected Paulson's request that the jury be instructed on proximate cause." In response, Paulson contends that even if proximate cause is the incorrect standard, it was still error for the district court to decline Paulson's requested instructions 4-9.

"This Court reviews jury instructions to ascertain whether, when considered as a whole, they fairly and adequately present the issues and state the applicable law." *State v. Mann*, 162 Idaho 36, 40, 394 P.3d 79, 83 (2017) (quoting *Adamcik*, 152 Idaho at 472, 272 P.3d at 444). "[A] trial court must deliver instructions on the rules of law that are "material to the determination of the defendant's guilt or innocence,'" including "the essential legal principles applicable to the evidence that has been admitted." *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009) (quoting *State v. Mack*, 132 Idaho 480, 483, 974 P.2d 1109, 1112 (Ct.App.1999) and *State v. Gain*, 140 Idaho 170, 172, 90 P.3d 920, 922 (Ct.App.2004)). Jury instructions should be issued only if they are "correct and pertinent." *Id.* (citing I.C. § 19-2132(a).) "A proposed instruction is not 'correct and pertinent' if it is: (1) an erroneous statement of the law; (2) adequately covered by other instructions; or (3) 'not supported by the facts of the case.'" *Id.* (quoting *State v. Olsen*, 103 Idaho 278, 285 647 P.2d 734, 741 (1982)). "[T]he correctness of a jury instruction depends on whether there is evidence at trial to support the instruction." *State v. Cartwright*, 168 Idaho 802, 812, 487 P.3d 737, 747 (2021) (quoting *State v. Barton*, 154 Idaho 289, 290, 297 P.3d 252, 253 (2013)) (alteration in original).

"A defendant is entitled to an instruction where 'there is a reasonable view of the evidence presented in the case that would support' the theory." *State v. Pearce*, 146 Idaho 241, 247–48, 192 P.3d 1065, 1071–72 (2008) (quoting *State v. Eastman*, 122 Idaho 87, 90, 831 P.2d 555, 558 (1992)); *see also Mackay*, 151 Idaho at 392, 257 P.3d at 759 ("If a party's 'theory is supported by *any* reasonable view of the evidence,' the party is entitled to a jury instruction on that theory."

14

(quoting *Vanderford Co. v. Knudson*, 144 Idaho 547, 555, 165 P.3d 261, 269 (2007)) (Italics added)).

The district court erred in declining to instruct the jury on the concept of an intervening, superseding cause. While Paulson's proposed instructions were incorrect statements of the law in that they included the concept of "proximate cause," which is no longer relevant to a determination of vehicular manslaughter, he was nevertheless entitled to an intervening, superseding cause instruction and this concept was not adequately covered by the instructions involving pedestrian duties. *Severson*, 147 Idaho at 710, 215 P.3d at 430. Paulson presented evidence at trial that Duskey's conduct was unforeseeable. As such, Paulson was entitled to instruct the jury regarding a pedestrian's unlawful and potentially intervening, superseding conduct when considering whether his unlawful driving was a significant cause of Duskey's death.

The district court also erred in declining to issue Paulson's proposed jury instructions regarding a pedestrian's legal duties. Because Paulson presented evidence at trial regarding the victim's dark clothing, impairment, and produced evidence that the victim was not in a marked crosswalk at the time of being hit by Paulson's pickup, Paulson was entitled to have the district court instruct the jury on his theory of the case. *See Pearce*, 146 Idaho at 247–48, 192 P.3d at 1071–72. The requested instructions described prohibited pedestrian conduct and, as such, encompassed the applicable law relevant to the jury's determination of whether Paulson's conduct was a "significant" cause. They were correct statements of law (taken directly from the Idaho Code), they were not addressed by the other instructions given, and Paulson presented ample evidence of conduct by Duskey that could have contributed to her death. *See Severson*, 147 Idaho at 710, 215 P.3d at 430.

The failure of the district court to appropriately instruct the jury constitutes reversible error in this case because the instructions given misled the jury as to the applicable law and thereby prejudiced Paulson. *State v. Anderson*, 168 Idaho 758, 772, 487 P.3d 350, 364 (2021). Therefore, we vacate Paulson's conviction and remand for a new trial.

## IV. CONCLUSION

For the reasons discussed, Paulson's vehicular manslaughter conviction is vacated. The case is remanded for further proceedings consistent with this opinion.

Chief Justice BEVAN, Justices BRODY, MOELLER and BURDICK, J. Pro Tem, CONCUR.