**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50657**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed:  February 13, 2026** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | |
| ADAM BRADLEY PAULSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Derrick J. O'Neill, District Judge.

Order for child support, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Adam Bradley Paulson appeals from the district court's order for child support.  Paulson was convicted of vehicular manslaughter in the death of Madeline Duskey.  Paulson argues the district court abused its discretion in ordering Paulson to pay child support for Duskey's two minor children by failing to consider her lost income or the condition and needs of her children.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Paulson struck and killed Duskey as Duskey was crossing the street.  Paulson's blood alcohol level was measured at .238.  The State charged Paulson with vehicular manslaughter, Idaho Code § 18-4006(3)(b), and he was convicted following a jury trial.  The Idaho Supreme Court vacated Paulson's conviction and the case was remanded to the district court.  *State v. Paulson*,

1

169 Idaho 672, 501 P.3d 873 (2022). Upon retrial, Paulson was again convicted of vehicular manslaughter.

The district court ordered restitution to various individuals and entities and entered a civil judgment pursuant to I.C. § 19-5307, ordering Paulson to pay a fine in the amount of $5,000 for the benefit of Duskey's minor children. The district court also ordered Paulson to pay child support for Duskey's children pursuant to I.C. § 18-4007(3)(d). The district court determined Paulson's annual earnings potential upon release from incarceration would be $28,440, and based on that imputed income, ordered Paulson to pay $322 per month for the benefit of the two minor children until the oldest child reaches the age of eighteen, and then $161 per month until the second child reaches the age of eighteen. Paulson appeals.

## II.

## STANDARD OF REVIEW

The district court's restitution order is reviewed for an abuse of discretion. *State v. Torrez*, 156 Idaho 118, 119, 320 P.3d 1277, 1278 (Ct. App. 2014); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).

## III.

## ANALYSIS

Paulson argues the district court abused its discretion in requiring him to pay child support based on his projected future income without considering Duskey's lost income or the condition and needs of her minor children which, Paulson argues, are relevant factors for consideration.

Idaho Code § 18-4007, titled "Punishment for Manslaughter," states in pertinent part:

> In addition to the foregoing, any person convicted of a violation of section 18-4006(3), Idaho Code, that resulted in the death of the parent or parents of minor children may be ordered by the court to pay support for each such minor child until the child reaches the age of eighteen (18) years. In setting the amount of support, the court shall consider all relevant factors. The nonpayment of such support shall

2

> be subject to enforcement and collection by the surviving parent or guardian of the child in the same manner that other child support orders are enforced as provided by law. In no event shall the child support judgment or order imposed by the court under this section be paid or indemnified by the proceeds of any liability insurance policy.

I.C. § 18-4007(3)(d). By its plain language, the statute does not set forth a list of relevant factors but instead directs the court to "consider all relevant factors." Citing this language, the district court noted that the statute "seems to eschew a formulaic approach based strictly on the incomes of any individual." As such, the district court considered the $5,000 civil penalty Paulson was ordered to pay to the minor children under I.C. § 19-5307; the civil action on behalf of the children, including the resulting minor's compromise for each child; Paulson's income history; and Paulson's prospective income.

Paulson argues the factors set out in the child support guidelines, I.C. § 32-706(1), should have been considered by the district court, including Duskey's earnings and the condition and needs of the children. Paulson acknowledges that I.C. § 18-4007 originally stated that support shall be established in accordance with the child support guidelines then in effect. 1994 Idaho Sess. Laws, ch. 413, § 1. The statute was amended in 2009 to delete any reference to the child support guidelines. *See* 2009 Idaho Sess. Laws, ch. 166, § 2, p. 496. The amendment was recommended by the Idaho Supreme Court because the child support guidelines "are intended to apportion the support obligations for a child between the child's parents" and "do not provide a method for determining the support obligation of a third party." SOP RS18289, S.B. No. 1004, 2009 Idaho Sess. Laws, ch. 166. Nonetheless, Paulson argues that the child support guidelines provide a list of relevant factors for determining child support in this context, including a parent's earnings. The State argues the district court did not err by failing to consider Duskey's earnings since the requirement in I.C. § 18-4007 that the court do so was removed from the statute at the behest of the Idaho Supreme Court.

Paulson argued in the district court that Duskey's earnings should be considered instead of Paulson's earnings. The district court stated it was not considering Duskey's lost income as "[n]o evidence was presented to the Court as to the income level of Madeline Duskey at the time of her death." The State points out that Paulson had every opportunity to introduce Duskey's earnings into evidence but failed to do so. Paulson responds, "the fact that Mr. Paulson did not provide such evidence does not mean that it was not a relevant factor for the court to consider." However, even if a deceased parent's earnings are a relevant factor for I.C. § 18-4007 purposes, if Paulson

3

believed that evidence to be relevant then Paulson should have presented it. The district court cannot abuse its discretion by failing to consider a factor for which no evidence was presented.

Paulson also argues the district court erred in failing to take into consideration the condition and needs of the children. Presumably, this assertion is based on I.C. § 32-706(1)(d), which states that "the physical and emotional condition and needs of the child and his or her educational needs" shall be considered when calculating child support. Paulson contends that this factor is relevant because, while the amendment to I.C. § 18-4007 deleted reference to the factors in I.C. § 32-706(1), the statement of purpose for the amending legislation stated an intent to "provide that the support obligation shall be determined on the basis of all relevant factors, including the financial resources and the condition and needs of the child." SOP RS18289, S.B. No. 1004, 2009 Idaho Sess. Laws, ch. 166. However, "The asserted purpose for enacting the legislation cannot modify its plain meaning." *Verska v. Saint Alphonsus Reg'l Med. Ctr*., 151 Idaho 889, 892-93, 265 P.3d 502, 505-06 (2011). The statute does not state that the conditions and needs of the children are relevant factors. Moreover, nothing in the statement of purpose in I.C. § 18-4007 equates its language to that in I.C. § 32-706(1)(d).

Even if the condition and needs of the children are a relevant factor, Paulson makes no claim that he argued the district court should consider this factor. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Paulson acknowledges that based on the evidence in the record, "we know nothing about . . . the physical, emotional, and educational needs of the children." Paulson provided no argument or evidence that showed the physical and emotional condition and needs of the children were relevant to an award of child support in this context. The district court can only consider factors supported by the evidence presented.

To the extent Paulson argues the district court should have considered the financial condition of the children, it did. In the district court, Paulson claimed child support should not be awarded "given that the minor children have been provided for through a settlement with Mr. Paulson's insurance company," and because the minor children's father "petitioned the Court to grant [that] settlement as well as release Mr. Paulson from any further liability regarding the minor children." The district court rejected these arguments and found it was required to impose an order for child support in addition to any civil recovery, and "in no event" could such order be "paid or indemnified by the proceeds of any liability insurance policy." The district court considered the

4

civil penalty, and the civil action brought on behalf of the children, including the resulting minor's compromise for each child. The district court then awarded child support for the children based on Paulson's earnings potential. The district court did not abuse its discretion in ordering child support.

## IV.

## CONCLUSION

Paulson has not shown the district court abused its discretion in ordering child support. Therefore, the district court's order for child support is affirmed.

Judge HUSKEY **CONCURS**.

Judge LORELLO, **SPECIALLY CONCURRING**

Based on the plain language of I.C. § 18-4007(3)(d), I concur in the Court's opinion. I write separately to observe that the broad statutory authorization to "consider all relevant factors" as it relates to awarding child support as a component of punishment for voluntary manslaughter for victims with minor children does little to aid trial judges tasked with calculating a child support award pursuant to I.C. § 18-4007(3)(d). It does even less to facilitate meaningful appellate review. While I understand the stated reasons for amending I.C. § 18-4007 to eliminate reference to the child support guidelines in the family law context, the absence of any standards presents its own challenges—challenges courts at both the trial and appellate level will undoubtedly be required to confront in future cases based on the current state of the law.